IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIS M. NEWMAN, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>            Defendants. | Case No.: C-13-03685 JSC<br><br>**ORDER GRANTING MOTION TO REMAND** |

In this removed mortgage foreclosure case, Plaintiffs Lois M. Newman and David A. Newman bring a motion to remand to state court, contending that federal jurisdiction is absent. (Dkt. No. 7.) Having carefully considered the parties' filings, including their supplemental pleadings, and having had the benefit of oral argument on September 12, 2013, the Court GRANTS Plaintiffs' motion.

## BACKGROUND

On July 11, 2013, Plaintiffs filed suit in Alameda County Superior Court against Defendants Select Portfolio Servicing, Inc. ("SPS") and Quality Loan Service Corporation ("Quality"). Plaintiffs' Complaint includes only state-law claims concerning the validity of the foreclosure process conducted

1  by Defendants.  Plaintiffs seek money damages, an "[i]njunction prohibiting any further sale of
2  Subject Property," and other forms of relief.  (Dkt. No. 1-1 at 19.)
3     SPS removed the case to federal court on August 8, 2013 on the basis of diversity jurisdiction.
4  SPS' notice of removal asserts that Plaintiffs are California residents, SPS is a Utah corporation with
5  its principal place of business in Salt Lake City, Utah, and Quality, having filed a declaration of non-
6  monetary status in state court, is a nominal party whose citizenship is not considered for purposes of
7  diversity jurisdiction.
8     Quality served Plaintiffs with the declaration of non-monetary status by mail on July 19, 2013.
9  The declaration was filed in the state court action on July 22, 2013.
10     At oral argument on the motion, the Court ordered further briefing regarding 1) the application
11  of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) to California Civil Code Section 2924*l* where,
12  as here, the declaration of non-monetary status is filed before the case is removed to federal court, and
13  2) whether, notwithstanding the declaration of non-monetary status, Quality was otherwise a nominal
14  party and/or fraudulently joined at the time of removal.

## LEGAL STANDARD

16  "If at any time before final judgment it appears that the district court lacks subject matter
17  jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Only state-court actions that
18  originally could have been filed in federal court may be removed to federal court by the defendant . . .
19  . ."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1441, a court has
20  removal jurisdiction pursuant to 28 U.S.C. § 1332(a) when there is complete diversity of citizenship
21  and the amount in controversy exceeds $75,000.  "[A] federal court must disregard nominal or formal
22  parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  *Kuntz v.
23  Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004).  Nominal parties are joined merely to perform
24  ministerial acts.  *See, e.g.*, *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867
25  (9th Cir. 2000); *see also Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1133 (9th Cir.
26  2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining
27  diversity, despite the propriety of their technical joinder.").  Removal statutes are strictly construed
28  against removal, and a defendant bears the burden of showing that removal was proper.  *Gaus v.*

*Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Robles v. Gillig LLC*, 771 F. Supp. 2d 1181, 1183 (N.D. Cal. 2011).

## DISCUSSION

The parties do not dispute that Quality is a California corporation. The question here is whether Quality was a nominal party and/or fraudulently joined at the time of removal and thus its citizenship ignored for diversity jurisdiction purposes. The Court concludes that Quality was not a nominal party and was not fraudulently joined.

### A. Quality is Not a Nominal Party under California Civil Code Section 2924*l*

Pursuant to California Civil Code Section 2924*l*, a trustee may file a declaration of non-monetary status where it is named in an action in which the deed of trust is the subject, and where the trustee maintains a reasonable belief that it has been named in the action solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties. Cal. Civ.Code § 2924*l*a. Subsection 2924*l*(c) provides a 15-day window from the date of service of the declaration in which other parties to the action may object: "The parties who have appeared in the action or proceeding shall have 15 days from the service of the declaration by the trustee in which to object to the nonmonetary judgment status of the trustee." Upon a timely objection, "the trustee shall thereafter be required to participate in the action or proceeding." *Id.* at (d). If no objection is served within 15 days from the date of service, the trustee shall not be required to participate in the action and shall not be subject to any damages. *Id.* at (c), (d).

If the declaration is served by mail, California Code of Civil Procedure 1013(a) adds five days to the 15-day notice period:

> Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California . . . .

*See Dep't of Indus. Relations, Div. of Labor Standards Enforcement v. Atl. Baking Co., Inc.*, 89 Cal. App. 4th 891, 894 (2001) ("Where the relevant time limit begins to run from the service of a document to which a response is directed, Code of Civil Procedure section 1013 extends the time for

3

filing a petition."); *see also Azubuike v. Wells Fargo Bank NA*, 2011 WL 3664264, at *1 n.1 (C.D. Cal. Aug. 19, 2011) (stating that Section 1013(a) expands the 15-day window provided in Section 2924*l* by five days); *Chancellor v. OneWest Bank*, 2012 WL 3834951, at *2 n.3 (N.D. Cal. Sept. 4, 2012) ("In the event that no objection is served within 15 days plus 5 days from the date of service (as is the case here), the trustee shall not be required to participate in the action and shall not be subject to any damages."). Because Quality served the declaration of non-monetary status by mail on July 19, 2013, Plaintiffs had 20 days—or until August 8, 2013—to object to Quality's declaration.

In their supplemental briefing, Plaintiffs argue for the first time that Quality's declaration is ineffective in this Court because SPS prematurely removed this action before the expiration of the 20-day notice window. Plaintiffs are correct. Even if the Court were to find that, under *Eerie*, a declaration of non-monetary status filed in state court prior to removal transforms the trustee into a nominal party for purposes of federal law, such transformation is conditioned on the expiration of the notice window. *See Boggs v. Wells Fargo Bank NA*, 2012 WL 2357428, at *3 (N.D. Cal. June 14, 2012) (granting motion to remand, reasoning that because "the removal occurred less than fifteen days after [the trustee] filed its declaration of non-monetary status, [the trustee] had not yet been transmuted into a nominal party at the time of removal"). If the objection period has not expired by the time of removal, the party has not yet transmuted to a nominal party and therefore destroys diversity removal jurisdiction. *Id.*; *see also Wise v. Suntrust Mortg., Inc.*, 2011 WL 1466153 *4 (N.D. Cal. April 18, 2011) (holding that court lacked diversity jurisdiction of action removed before the expiration of the time for the non-diverse party to object). Because Quality served its declaration by mail on July 19, 2013, the earliest SPS could have removed this action—while still obtaining Quality's nominal status—was August 9, 2013, 21 days after Quality served by mail the declaration of non-monetary status. SPS, however, removed this case one day earlier—on August 8, 2013. Thus, even if the Court were to rule in SPS' favor on the *Eerie* question, Quality would not have obtained nominal status because Plaintiffs' objection period had not ended when SPS removed the case.

SPS' briefing on Plaintiffs' motion reveals that SPS is operating under the mistaken belief that it removed this case on August 9, 2013, 21 days from the date of mail service. (*See* Dkt. No. 16 at 2 ("As of August 9, 2013, the date this action was removed, which was twenty-one days from the date

4

Quality served the declaration . . . .").) This incorrect removal date may explain SPS' insistence that Quality is a nominal defendant under Section 2924*l* despite the early removal.

### B. Quality was Not Fraudulently Joined and is Not Otherwise a Nominal Party

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001); *see* also *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("A district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent."). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Sun v. Bank of Am. Corp.*, 2010 WL 454720, at *3 (C.D. Cal. 2010) ("[I]n the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.").

There is a "general presumption against fraudulent joinder," and a defendant's burden of proof is "heavy." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). The removing party "must negate every possible scenario within the ambit of a well-pled claim." *Iniguez v. Vantium Cap., Inc.*, No., 2013 WL 1208750, at *2 (N.D. Cal. Mar. 25, 2013). A defendant "is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1139. "The district court, however, must resolve all disputed questions of fact in favor of the Plaintiff." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

District courts will likewise ignore the citizenship "of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal citations and quotation marks omitted). While "trustees are often deemed nominal parties, . . . an exception is made where the complaint contains substantive

5

1 allegations against the trustee or seeks to recover money damages from the trustee." *Osorio v. Wells*
2 *Fargo Bank*, 2012 WL 2054997, at *2 (N.D. Cal. June 05, 2012).

3   Because it is not obvious that Plaintiffs could not possibly recover against Quality, Quality
4 was not fraudulently joined. In addition, because the Complaint contains substantive allegations
5 against Quality, Quality is not a nominal party. For instance, Plaintiffs' Complaint alleges, among
6 other things, that Quality filed a Notice of Default without complying with the requirements of
7 California Civil Code Section 2923.5. That section provides that "[a] mortgage servicer, mortgagee,
8 trustee, beneficiary, or authorized agent may not record a notice of default" unless the servicer has,
9 among other things, contacted the borrower to "assess" the borrower's financial situation and
10 "explore" options to prevent foreclosure, Cal. Civ. Code § 2923.5(a)(1)(A), (a)(2), or, satisfied due
11 diligence requirements showing contact with the borrower was attempted, *id.* at § 2923.5(a)(1)(A),
12 (e). Plaintiffs allege that "[n]one of the Defendants [] contacted the borrower, Plaintiffs, to discuss
13 their financial situation or options for avoiding foreclosure as required under [Section 2923.5]." (Dkt.
14 No. 1-1 ¶ 28.) Thus, "Defendants caused to be executed and recorded the NOD even though the
15 required contacts with Plaintiff had not been made." (*Id.* at ¶ 29.) SPS contends this claim is
16 deficient because there is a declaration signed by SPS—not Quality—stating that contact was made.
17 SPS appears to be arguing that the declaration, which is required by Section 2923.5(b),[1] absolves
18 Quality of any liability. SPS cites no case in support of such an argument, and nothing in the statute
19 obviously indicates that the servicer's declaration has such an effect, especially where, as here, the
20 Complaint alleges no such contact was made.

21   Moreover, SPS' only contention in regards to Plaintiffs' sixth cause of action—Quality's
22 alleged failure to properly notice the Trustee's Sale pursuant to California Civil Code Section 2924f,
23 (Dkt. No. 1-1 ¶¶ 60-63)—is that Plaintiffs fail to allege that Quality acted with malice, "as they must
24 to state a claim against Quality." (Dkt. No. 16 at 10.) SPS, however, does not explain why it is not
25 possible that Plaintiffs could amend their Complaint to allege such facts. The mere failure to state a

---

[1] "A notice of default recorded pursuant to Section 2924 shall include a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the individual did not meet the definition of 'borrower' pursuant to subdivision (c) of Section 2920.5." Cal. Civ. Code § 2923.5(b).

claim is not sufficient to invoke fraudulent joinder or nominal party status. *See Sun*, 2010 WL 454720 at *3; *see also Latino v. Wells Fargo Bank*, 2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011) ("[W]hile Removing Defendants may believe Plaintiff cannot state a claim against [the trustee], they have failed to show that [the trustee] has been joined in a merely nominal capacity.").

Because Quality is neither a nominal party nor was fraudulently joined, its citizenship cannot be disregarded for purposes of diversity jurisdiction. Consequently, diversity did not exist in this case at the time of removal and removal was therefore improper.[2]

## CONCLUSION

For the reasons stated, Plaintiffs' motion to remand is GRANTED. The Clerk is ordered to REMAND this case to Alameda County Superior Court.

IT IS SO ORDERED.

Dated: October 21, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court concludes that diversity of citizenship is lacking, it does not address the parties' arguments as to the amount in controversy.